IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CRYSTAL BUSTER,**

    **Plaintiff,**

v.                                                             **No. 21-cv-1208 CG/SMV**

**BOARD OF COUNTY COMMISSIONERS FOR**
**LINCOLN COUNTY, CORRECTIONAL**
**SOLUTIONS GROUP, LLC, CARLOS MORALES,**
**CARLY REYNOLDS, ANITA HITTLE,**
**and STEVE CHAVEZ,**

    **Defendants.**

## ORDER GRANTING CARLY REYNOLD'S MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendant Carly Reynolds' Motion for Protective Order (the "Motion"), filed on May 23, 2022. [Doc. 27]. In the Motion, Reynolds seeks an order either (1) redacting her "home address or current location" on pages one and two of her executed return of service (the "Return of Service") [Doc. 18], filed on March 29, 2022, or (2) sealing the Return of Service. *Id*.; *see* Fed. R. Civ. P. 5.2(d) (providing for sealing of documents without redaction); Fed. R. Civ. P. 5.2(e)(1) (providing for redaction of court filings). She also seeks an order requiring that her location or home address be redacted from any document filed henceforth or that documents including such information be sealed. [Doc. 27]. Reynolds contends that there is good cause for the Motion because "she is a victim of crime and reasonably fears for her safety if her address or current location are disclosed publicly." *Id*. Reynolds' Motion is unopposed.

The purpose of Rule 5.2 is to "to protect privacy and security concerns" of individuals. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007). "Good cause" for redaction under Rule 5.2(e)(1)

exists when a party's "privacy and security concerns" outweigh the public interest in access to judicial records. *See Concerned Pastors for Soc. Action v. Khouri*, No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (unreported).

The Court will grant the Motion. The Court finds that Reynolds' home address or location are not material to Plaintiff's claims, and, consequently, there is no public interest in her location or home address that outweighs Reynolds' interest in privacy and security. *See U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 501 (1994) (recognizing the privacy interest in home addresses). The Court will grant Reynolds' request to redact the addresses on the Return of Service and require that Reynold's location or address be redacted from documents filed in the future.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Reynolds' Motion [Doc. 27] be GRANTED.

**IT IS FURTHER ORDERED** that the Clerk SEAL the Return of Service [Doc. 18], indicating in the docket text that it is "unredacted." *See* Fed. R. Civ. P. 5.2(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff shall redact the address on pages one and two of Reynolds' executed return of service and file the redacted return of service no later than **June 10, 2022**. Plaintiff shall indicate in the docket text that the executed return of service has been "redacted."

**IT IS FURTHER ORDERED** that the parties shall redact any address or location information for Reynolds from any document henceforth filed on the docket.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**