**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CRYSTAL BUSTER,

    Plaintiff,

v.                                                                             No. 2:21-CV-01208-MLG-JHR

BOARD OF COUNTY COMMISSIONERS FOR
LINCOLN COUNTY, CORRECTIONAL
SOLUTIONS GROUP, LLC, CARLOS MORALES,
individually and in his official capacity, CARLY
REYNOLDS, individually, ANITA HITTLE,
individually, and STEVE CHAVEZ, individually,

    Defendants.

**STIPULATED PROTECTIVE ORDER**

THIS MATTER is before the Court upon LaSalle Corrections West, LLC's ("LaSalle") Stipulated Protective Order, LaSalle having been served with a subpoena by Plaintiff for certain records which are proprietary, or which otherwise contain personal or confidential information, and the Court having reviewed the pleadings, and noting the concurrence of the parties, the Court will **ORDER**:

With regard to material(s) disclosed by LaSalle in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain policies and procedures, directives, memoranda, records, employment records, educational records, proprietary information, trade secrets or other confidential research, development or commercial information, and the information contained in said records ("CONFIDENTIAL INFORMATION"), the Parties will follow the procedures set forth in this Stipulated

1

Protective Order ("Protective Order") with respect to disclosure of information, documents or things produced by LaSalle in this Lawsuit, as follows:

**1.      Confidential Information**

a)      As used in this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that LaSalle has produced in this Lawsuit and in good faith designates as CONFIDENTIAL or CONFIDENTIAL INFORMATION pursuant to Sections 1(b) - 1(e) below:

b)      In the event a deposition transcript or deposition exhibit is a document produced by LaSalle and marked by it as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty (30) days after the deposition transcript is delivered.  All deposition transcripts containing confidential information produced by LaSalle shall be treated as CONFIDENTIAL INFORMATION. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated;

c)      CONFIDENTIAL INFORMATION shall not be disclosed to any person other than:

i.) the parties and attorneys for the Recipient Party in this Lawsuit, paralegal and clerical staff who are assisting in the Lawsuit;

ii.) the Recipient Party and officers, directors, and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

iii.) court reporters, court officials, and the jury involved in this Lawsuit;

iv.) experts, consultants and investigators and their staff who are retained by a party for purposes of relating to this Lawsuit and who have executed a statement acknowledging that this Order has been entered and applies to the confidential information regarding documents produced by LaSalle.

CONFIDENTIAL INFORMATION produced by LaSalle and received by any of the persons in the categories listed above shall be used only for purposes of this Lawsuit and for no other purposes, including for any other Lawsuit, whether on the same issues in this case or others, or for any business or personal purpose.

In addition, any summary or copy of CONFIDENTIAL INFORMATION regarding documents produced by LaSalle shall be subject to the terms of this Protective Order must be clearly labeled as containing CONFIDENTIAL INFORMATION.

d) Any personally identifiable information contained in the documents produced by LaSalle and pertaining to any inmates, employees and personnel will be redacted.

e) CONFIDENTIAL INFORMATION shall not be disclosed to any person other than:

i.) the parties and attorneys for the Recipient Party in this Lawsuit,

3

paralegal and clerical staff who are assisting in the Lawsuit;

ii.) the Recipient Party and officers, directors, and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

iii.) court reporters, court officials, and the jury involved in this Lawsuit;

iv.) experts, consultants and investigators and their staff who are retained by a party for purposes of relating to this Lawsuit and who have executed a *Statement Acknowledging Protective Order, Non-Disclosure of Confidential Documents, and Confidentiality Agreement*, in the form attached as *Exhibit A*; and

v.) any other non-party witnesses or deponents who have executed a *Statement Acknowledging Protective Order, Non-Disclosure of Confidential Documents, and Confidentiality Agreement* in the form attached as *Exhibit A*, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this Lawsuit and for no other purposes, including for any other Lawsuit, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or

deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's counsel. Each party's counsel shall maintain a log of all copies of CONFIDENTIAL INFORMATION in document form (including electronic documents) which are delivered to any one or more Qualified Person(s), other than counsel and the clerical, secretarial and other staff employed or retained by such counsel. The log shall contain the name and address of the person to whom CONFIDENTIAL INFORMATION was disclosed, and shall identify under what provision of the Protective Order the person is a Qualified Person. The log shall not be discoverable in this case or any other Lawsuit, but may be subject to *in camera* review by the Court upon reasonable request and motion of the Designating Party. Any recipient of CONFIDENTIAL INFORMATION shall sign a *Statement Acknowledging Protective Order, Non-Disclosure of Confidential Documents, and Confidentiality Agreement* in the form attached hereto as *Exhibit A*, and shall maintain such information in a secure and safe area carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

2. **Use in Brief and as Exhibits**

If any document containing CONFIDENTIAL INFORMATION produced by LaSalle in this Lawsuit is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this Lawsuit, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with the Electronic Case Filing Procedures for the District of New Mexico (Civil Cases) or in accordance with D.N.M.LR-Civ. 5.2, for a paper filed by other means, subject to the Court procedures.

3. **Confidential Information at Trial**

If a party anticipates that Documents produced by LaSalle as Confidential will be presented at trial as evidence, the party anticipating such use shall provide counsel for the other party reasonable advance notice of such anticipation, thus giving the other party the opportunity before the trial to seek a ruling from the Court as to how the issue of the confidentiality of the Documents shall be handled at trial.

4. **Return or Destruction of Confidential Information**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy, as set forth in more detail below, all CONFIDENTIAL INFORMATION

produced by LaSalle, along with any extracts, summaries, descriptions, or copies of the same (with the exception of attorney work product) whether in hard copy or stored in an electronic magnetic medium, the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within thirty (30) days of final disposition of this Lawsuit, except that counsel for the parties may retain copies of said CONFIDENTIAL INFORMATION in accordance with their policies for document retention provided that such will be held for their internal use only, subject to the continuing obligations imposed by this Agreed Order. If so, said CONFIDENTIAL INFORMATION remains CONFIDENTIAL and strictly subject to the terms of this Protective Order.

Confidential Documents kept in hard copy (paper) form, including both originals and copies, shall be returned to the party producing the Confidential Documents or destroyed by shredding them. Confidential Documents that are stored on a CD/DVD/flashdrive/USB format or other similar format that does not allow for permanent deletion of the Confidential Documents, shall be returned to the party producing the Confidential Documents. No option for destruction exists for Confidential Documents that are stored on a CD/DVD/flashdrive/USB format or other similar format that does not allow for permanent deletion of the Confidential Documents. Confidential Documents contained in email correspondence or transmitted by email correspondence, will be deleted and erased from all computer folders, including the inbox, sent items, and deleted items folders. Confidential Documents stored on a computer's internal hard drive will be deleted and erased and initially

transferred to the computer's trash folder. Once it is confirmed that the Confidential Documents have been deleted and erased from all internal hard drive files and transferred to the computer's trash folder, those documents shall then be permanently deleted and erased from the trash folder. Confidential Documents stored on flash drives or other similar external hard drives will be deleted and erased from the external storage media and transferred to the computer's trash folder. Once it is confirmed that the Confidential Documents have been deleted and erased from the external storage media and transferred to the computer's trash folder, those documents shall then be permanently deleted and erased from the trash folder.

Counsel shall additionally provide a copy of the document log concurrent with the return of all confidential documents. Each party to this action shall promptly supply counsel for LaSalle Corrections with an original Affidavit of compliance with this paragraph, executed by the party. All persons who have been privy to CONFIDENTIAL INFORMATION shall be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public.

IT IS SO ORDERED.

_____
THE HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**Respectfully Submitted:**

*/s/ Adam Daniel Rafkin, Esq., Attorney at Law*
ADAM DANIEL RAFKIN, Esq.
Adam D. Rafkin, P.C.
P.O. Box 1912
Ruidoso, New Mexico 88355
(575) 257-0129/257-0113 Fax
adr@rafkinlaw.com
ATTORNEY FOR LASALLE
CORRECTIONS WEST, LLC


**Approved:**

*Approved via email on 6/13/2023*
MATTHEW COYTE, Esq.
Coyte Law, P.C.
3800 Osuna Road NE, Suite 2
Albuquerque, New Mexico 87109
(505) 244-3030
mcoyte@me.com

-and-

*Approved via email on 6/13/2023*
LISA Y. SCHATZ-VANCE
MATTHEW VANCE
Law Office of Matthew Vance, P.C.
3800 Osuna Road NE, Suite 2
Albuquerque, New Mexico 87109
(505) 242-6267
lisa@mattvancelaw.com
mattvance@mattvancelaw.com
ATTORNEYS FOR PLAINTIFF

*<u>Approved via email on 06/08/2023</u>*
LOUIS HOROWITZ, Esq.
JOSEPH M. WINSBY, Esq.
LEAH R. SHOVER, Esq.
Lorber, Greenfield & Polito, LLP
100 Sun Ave. NE, Suite 650
Albuquerque, New Mexico 87109
(800) 291-3062
lhorowitz@lorberlaw.com
jwinsby@lorberlaw.com
ATTORNEYS FOR DEFENDANTS BOARD
OF COUNTY COMMISSIONERS FOR LINCOLN COUNTY,
CORRECTIONAL SOLUTIONS GROUP, LLC,
CARLOS MORALES, AND STEVE CHAVEZ


*<u>Approved via email on 6/11/2023</u>*
SPRING SCHOFIELD
Dixon Scholl Carrillo PA
Post Office Box 94147
Albuquerque, New Mexico 87199-4147
(505) 244-3890
sshofield@dsc-law.com
ATTORNEY FOR DEFENDANTS ANITA HITTLE
AND CARLY REYNOLDS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRYSTAL BUSTER,

      Plaintiff,

v.                                                                                  No. 2:21-CV-01208-CG/SMV

BOARD OF COUNTY COMMISSIONERS FOR
LINCOLN COUNTY, CORRECTIONAL
SOLUTIONS GROUP, LLC, CARLOS MORALES,
individually and in his official capacity, CARLY
REYNOLDS, individually, ANITA HITTLE,
individually, and STEVE CHAVEZ, individually,

      Defendants.

**STATEMENT ACKNOWLEDGING PROTECTIVE ORDER,
NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS,
<u>AND CONFIDENTIALITY AGREEMENT</u>**

    1.    I have read, am familiar with, and agree to be bound by the terms of the Stipulated Protective Order, entered by the above-named Court on and pertaining to the above-captioned case.

    2.    I agree that any court having jurisdiction over the above-referenced matter may enforce over my person the terms of the above-referenced Protective Order and I hereby waive any objections to the Court's ability over my person to enforce the terms of the above-referenced Order.

    3.    I understand that if I violate the terms of the above-referenced Order, I can be held in contempt of court.

    4.    I agree only to make such copies or notes concerning CONFIDENTIAL INFORMATION marked or designated Aconfidential@ as are reasonably necessary to enable me to

provide my assistance in this litigation.  If any such copies or notes still exist upon completion of this litigation, I will return them as provided in the Protective Order.

      5.      I will not reveal the contents of the CONFIDENTIAL INFORMATION to any person or entity other than those persons to whom disclosure is authorized under the terms of the above-referenced Order. If a party feels that CONFIDENTIAL INFORMATION has been disclosed, notice and opportunity to cure and claw back such allegedly CONFIDENTIAL INFORMATION shall be given.

      6.      I will not use CONFIDENTIAL INFORMATION for business or competitive purposes, or for any purpose other than the prosecution or defense of this action, unless otherwise authorized by a subsequent order of the Court.

DATED this _____ day of _____, 2023.

_____
Signature

_____
Printed Name

_____
Address

_____
Phone Number