## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CRYSTAL BUSTER,

        Plaintiff,

v.                                      **No. 21-cv-01208 MLG/JHR**

BOARD OF COUNTY COMMISSIONERS FOR
LINCOLN COUNTY, CORRECTIONAL
SOLUTIONS GROUP, LLC, CARLOS MORALES,
individually and in his official capacity, CARLY
REYNOLDS, individually, ANITA HITTLE,
individually, and STEVE CHAVEZ, individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART BUSTER'S MOTION TO COMPEL DISCOVERY

Pending before the Court is Plaintiff Crystal Buster's Motion to Compel Discovery ("Motion") from Defendants Board of County Commissioners for Lincoln County, Correctional Solutions Group, LLC ("CSG"), and Carlos Morales (collectively "Defendants"). [Doc. 69]. Defendants filed a response in opposition [Doc. 71], and Buster replied [Doc. 77].

Having considered the parties' submissions and the relevant law, the Motion to Compel [Doc. 69] is **granted in part and denied in part.**

## I.      BACKGROUND

This case was filed in federal court on December 21, 2021. [Doc. 1]. Buster generally alleges that Defendants violated her civil rights by failing to provide her medical care and humane confinement conditions after she was taken into custody with a broken knee. *See* [Doc. 16]. Buster brings four claims on this basis: (1) violation of procedural due process; (2) violation of the Fourteenth Amendment for inhumane conditions of confinement and inadequate medical care; (3)

negligent provision of medical care; and (4) violation of the Fourteenth Amendment for a custom and policy of violating constitutional rights. *See id.* Buster seeks remedies of compensatory and punitive damages. *Id.* at 21.

Buster served her first set of discovery on Defendants on December 13, 2022. *See* [Docs. 44, 45]. Defendants requested two extensions to answer and provided their initial responses to Buster on February 9, 2023. [Docs. 69-1, 69-2]. Defendants supplemented their responses after conversations with Buster. [Doc. 69, p. 3]. Buster filed the Motion after attempting to resolve the issues without judicial intervention. *See id*; [Doc. 69-4].

Buster identifies three discovery disputes with Defendants:

> "(a) Defendant CSG refused to answer Interrogatory No. 18, *and any future interrogatories*, on the basis that Plaintiff has exceeded the numbers of interrogatories allotted to her. (b) Defendant CSG also refused to answer Interrogatory No. 18 based on an objection that it is irrelevant, overbroad and burdensome. (c) Defendant Board of County Commissioners and Defendant Morales in his official capacity, in requests for production No. 10 and No. 6 [respectively], have failed to provide reports and audits regarding LCDC which Plaintiff knows to have been written.

*Id.* at 3. The Court will address each discovery request and the parties' arguments in turn.

## II.      LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "[T]he scope of discovery under the federal rules is broad and [] 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)

(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Federal Rule of Civil Procedure 33 governs interrogatories to parties. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A responding party may object to an interrogatory but the grounds for an objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Furthermore, responses by general reference to another document are insufficient. *See* Fed. R. Civ. P. 33(d)(1) (If responding by producing business records, the responding party is required to "specify[ ] the records . . . in sufficient detail to enable the interrogating party to locate and identify them . . ."); *see, e.g.*, *Heuskin v. D&E Transp., L.L.C.*, No. Civ. 19-957 MV/GBW, 2020 WL 1450575, at *3 (D.N.M. Mar. 25, 2020); *Bayview Loan Servicing, L.L.C. v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009).

Federal Rule of Civil Procedure 34 governs requests for production. Requests for production "must describe with reasonable particularity each item or category of items to be inspected[.]" Fed. R. Civ. P. 34(b)(1)(A). A proper response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). A party responding to a request to produce documents has the responsibility to provide meaningful responses to the request and a general reference to another document is insufficient. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must . . . organize and label [documents] to correspond to the categories in the request[.]"); *see, e.g.*, *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 509–10 (N.D. Tex. 2016) (A party responding to a request is responsible "to review the voluminous documents to identify those that

are responsive to specific requests."); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006) (A party responding to a request must identify which documents are responsive to which requests.).

Where the Court grants a motion to compel under Rule 37(a), it must "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless: "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A).

## III.    ANALYSIS

### A.  Interrogatory No. 18 did not exceed the permitted number of interrogatories.

Buster first argues that Defendants' numerosity argument is misplaced because the subparts are "directed toward a common theme" and thus count as a single interrogatory. [Doc. 69, p. 5] (citing *Williams v. Bd. of Cnty Comm'rs*, 192 F.R.D. 698, 701 (D. Kan. 2000)). Buster explains that interrogatory subparts inquiring into "discrete" subjects, meaning the "second question is fully independent of the first," generally count as separately enumerated questions. *See id.* at 5-6 (citing *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nev. 1997). Buster then dissects each of her interrogatory subparts and explains why they relate to a common theme (rather than disconnected topics). *Id.* at 6-8 (addressing interrogatories one (1) through five (5) with subparts).

Defendants assert their right to object to the number of interrogatories under Rule 33. [Doc. 71, p. 3]. Defendants imply that Buster's eighteen individually numbered interrogatories, consisting of twenty numbered subparts and multiple questions, exceed the permitted twenty-five

interrogatories. *Id.* They emphasize that they did not raise other numerosity objections, raised contemporaneous objections to this interrogatory, and did not agree to withdraw this particular numerosity objection. *Id.*

Buster decries that Defendants did not "attempt to analyze the numerosity objection they raised." [Doc. 73, p. 1]. She argues that Defendants apparently waived the numerosity objection when they stated in their response that they did not object on the basis of numerosity to any other interrogatories. *Id.* at 2. Thus, Buster closes, Defendants are not serious about their own objections. *Id.*

### i.  *Relevant Law*

Rule 33 allows parties to serve no more than twenty-five (25) written interrogatories on each other, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 does not define what a "discrete subpart" means. *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 637 (D. Kan. 2012). However, courts use a "common-theme" test to determine whether subparts count as a separate question or fall under the broader interrogatory. *See id.* This test asks whether or not the interrogatory subparts are part of a "common theme," meaning the subparts aim at learning details on a related topic. *Id.* If the subparts do aim at a common theme, they count as part of that interrogatory. However, subparts asking about distinct, "discreet" areas are more likely count as separate, standalone interrogatories. *Id.* (quoting 8B Charles Alan Wright, *et al., Federal Practice and Procedure* § 2168.1 (3d ed. 2010) at 39–40) (internal quotation omitted).

### ii.  *Analysis*

Defendants initially objected to Interrogatory No. 18 on the grounds that Buster had already served over twenty-five interrogatories along with other common objections. *See* [Doc. 69-6, pp. 4-5]. Defendants state that they were "entitled" to object on the basis of numerosity and provide a

cursory legal landscape. [Doc. 71, pp. 2, 3]. Defendants do not address Buster's interrogatory-by-interrogatory analysis in any way. *See* [Doc. 69, pp. 6-9]. Rather, Defendants' conclusory numerosity argument simply states: "Plaintiff served a total of 18 individually numbered interrogatories, which included 20 numbered subparts (Interrogatories 1, 2, 3, 4, 5) and some with multiple questions (Interrogatories 11, 14)." *Id.* at 3.

Given the nature of this response, the Court agrees with Buster that Defendants "do[] not take the own objection seriously" and have at best waived it by failing to fully develop their argument. Even if they had developed it, the Court observes that Buster's interrogatory subparts permissibly inquire into a common theme. *See* [Doc. 69, pp. 6-9]. The Court will thus overrule Defendants' numerosity objection.

## B. Defendants' compliance with the Residential Housing Act provision not in effect at the time of the incident is irrelevant.

Buster argues that "minimal relevance" is the appropriate relevancy standard in discovery. [Doc. 69, pp. 9-10] (collecting cases on minimal relevance to a claim or defense). Buster asserts that Defendants' knowledge of a recent law concerning solitary confinement "is entirely relevant" to Buster's claims arising from solitary confinement. *Id.* at 10. Buster urges that Defendants' vague and unduly burdensome objections are inapposite. Regarding vagueness, Buster posits that "it is difficult for Plaintiff to respond [to the objection] as the interrogatory seems painfully simple." [Doc. 69, p. 10]. Regarding unduly burdensome, Buster argues that Defendants have not met their burden of showing undue burden or expense as the party resisting discovery. *Id.*

Defendants respond that the Residential Housing Act is irrelevant because the specific restrictions on solitary confinement for seriously mentally ill inmates were not in effect at the time of the incident. [Doc. 71, p. 4]. Defendants note that CSG began operating the facility after the Restricted Housing Act took effect and so they disclosed reports for the applicable time frame. *Id.*

6

Defendants also point out that the First Amended Complaint does not allege a Restricted Housing Act violation. *Id.* Defendants contend that interrogatory eighteen is vague "in that it asks the corporate defendant how it learned of and reacted to a stat[ute]." [Doc. 71, p. 4]. They argue it is overly burdensome because of the "level of inquiry and detail" required for an issue with "no benefit to the case." *Id.* at 5.

> Buster replies that the Residential Housing Act is relevant by way of legislative process:
>
> During the legislative process, the prison and jail industry claimed they needed time to safely bring in the changes required by the [Residential Housing Act]. Therefore, the legislature phased in certain parts of the act to allow jails and prisons time to prepare and to transition into using restrict housing on a more limited basis. If Lincoln County and its agents failed to use this time to confirm with the RHA, then Plaintiff's case is obviously strengthened . . . [I]f Defendants knew about this law and did nothing to ameliorate the conditions of the people in solitary cells in their case, then a finding of deliberate indifference is more likely. This clearly gives the potential evidence enough relevance to meet the discovery standard.

*Id.* at 2-3. Buster purports to be "at a loss of how to reply" to Defendants' vagueness argument. *Id.* at 3. Buster finally replies that Defendants' unduly burdensome objection is just another relevancy argument and thus Defendants fail to show undue burden or expense. *Id.*

### i.    *Relevant Law*

Rule 26 allows a broad scope of discovery. *Landry*, 323 F.R.D. at 375. Notwithstanding, limits still exist on broad discovery and the trial court has wide discretion to balance competing interests. *Id.* (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). Rule 26 presently allows parties to obtain discovery on non-privileged matters relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Prior to being amended, Rule 26 allowed discovery relevant to the subject matter of the case. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).

A court may still allow subject matter discovery if a party shows good cause. *Id.* If a party objects that a discovery request seeks information beyond that relevant to a claim or defense, the court determines whether the discovery is relevant to claims or defenses. *Id.* (citing Rule 26 advisory committee notes). If not, the court may decide if there is good cause for the requested discovery as relevant to the subject matter. *Id.*; *see Landry* 323 F.R.D. at 377 ("The good-cause standard warranting broader discovery is meant to be flexible"). Thus, the Rule 26 amendments narrowed discovery's scope and injected the court into the discovery process. *Landry*, 323 F.R.D. at 376.

The Tenth Circuit has held that a plaintiff's "broad theory of the case does not justify more expansive discovery, unless the discovery is relevant to the plaintiff's actual claims or defenses" or the plaintiff shows good cause. *In re Cooper Tire*, 568 F.3d at 1193 (internal citation and quotation omitted). However, the line between information relevant to claims and defenses and information only relevant to the case's subject matter "cannot be defined with precision." *Id.* (citing advisory committee notes). Ultimately, "whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *Landry,* 323 F.R.D. at 377 (citing advisory committee notes).

### ii.    *Analysis*

The Court agrees with Defendants that Buster's interrogatory asking about Defendants' impending Residential Housing Act compliance is irrelevant. The Court notes that Buster's explanation for why this interrogatory is relevant—limited to her punitive damages claim—first appears in the reply brief. [Doc. 73, pp. 2-3]. Courts generally consider arguments waived if raised for the first time in a reply. *See Gonzales v. New Mexico Dep't of Health*, No. 1:22-CV-00525-WJ-SCY, 2023 WL 2601500, at *8, n.3 (D.N.M. Mar. 22, 2023) (citing *In re: Motor Fuel*

*Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1113 (10th Cir. 2017)). Regardless, Buster provides no legal authority to tie the Residential Housing Act's relevancy to punitive damages relief. Thus, Buster's argument leaves the Court unpersuaded to grant her Motion in this regard.

Instead, the Court finds persuasive Defendants' argument that the Residential Housing Act is irrelevant because the provision on seriously mentally disabled inmates had not taken effect at the time of this incident. [Doc. 71, pp. 2-4]. Buster does not dispute that this provision was not in effect during the relevant time frame. Thus, any omissions Buster alleges with respect to Defendants' Residential Housing Act compliance were not unlawful and therefore not enforceable. Moreover, neither the Amended Complaint nor the Answer state a Residential Housing Act claim or defense. *See* Fed. R. Civ. P. 26(b)(1); *In re Cooper Tire*, 568 F.3d at 1188. The Court does not find good cause to compel information about compliance with a law not in effect during Buster's detention absent authority to the contrary. As a result, the Court need not address the unduly burdensome and vagueness objections.

**C.** **Defendants must answer Requests for Production Nos. 6 and 10 by a date certain.**

Buster finally contends that Defendants have either dragged their feet in producing annual inspection reports and audits, or destroyed them. *Id.* at 12-14. Buster conducted her own investigation through public newspapers to show that the reports and audits exist. *Id.* at 12, 13. Buster requests the Court to compel Defendants to produce these documents by a set date or explain why they destroyed the reports, if that was the case. *Id.*  at 14.

Defendants respond that they have already produced the responsive audits and reports and identify four reports. [Doc. 71, p. 5]. They claim that they could not locate the risk assessment document from June 2020 and assure further search for the alleged thumb drive recording of the December 2020 walkthrough. *Id.* at 5-6. They further report that no document or recording

capturing the January 2022 virtual walkthrough could be located. *Id.* at 6. They similarly assure they will search for any of the documents referenced in the February 2020 meeting minutes. *Id.* at 6. Defendants profess to have performed extra searches and reviews in an effort to produce the documents Buster requests. *Id.* Defendants also request the Court to deny the Motion with respect to Requests for Production Nos. 6 and 10 seeking reports and audits because Defendants have produced those responsive documents they could locate. *Id.* at 7-8.

Buster replies that Defendants failed to explain their original assertion that the reports or audits in question did not exist. [Doc. 73, p. 3]. Buster requests Defendants produce these records by a date certain and provide an explanation if the records were destroyed or lost. *Id.* Finally, Buster requests costs and fees if the Court grants the Motion to Compel.

### i. *Relevant Law*

Rule 34 governing responses to requests for production provides that "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(b). The advisory notes make clear that responsive documents must be produced within specific timely parameters. *Id.* (Advisory committee notes on 2015 Amendment). Thus, Rule 34 requires end dates for production within reasonable periods of time. *Deakin v. Magellan Health, Inc*., 340 F.R.D. 424, 433 (D.N.M. 2022) (reminding the parties that that Rule 26(f) also requires the parties to timely supplement their discovery responses).

### ii. *Analysis*

This issue appears to turn strictly on production timelines and, relatedly, explanations for no production. Defendants do not defend with any common objections and in fact have produced some responsive documents. *See* [Doc. 71, pp. 5-6]; *See also* [Docs. 69-5, 71-1]. Rule 34 is clear

that there must be a firm deadline by which Defendants must produce the responsive documents, even on a rolling production basis. Buster also provides sufficient evidence and authority to support ordering Defendants to explain what happened to audits or reports (to the best of their knowledge) for those they cannot locate. *See* [Doc. 73, p. 4] (collecting cases on spoliation and duty to preserve evidence); [Doc. 69-9, pp. 1-15]. Therefore, the Court will grant the Motion in this regard.

### D.  **Attorney Fees and Costs**

Under Rule 37(a)(5), the Court finds that Buster is entitled to attorney fees and costs associated with the discovery requests addressed in sections A and C. The Court further finds that Defendants are entitled to attorney fees and costs associated with the discovery requests addressed in section B. Within **fourteen days of entry** of this Order, the Court invites Buster and Defendants to submit an affidavit setting forth the fees and expenses incurred attributable to the specific part(s) of the Motion upon which they prevailed. Either party may lodge objections, if any, to the requested fees and expenses within fourteen days of service of the affidavit.

### IV.    CONCLUSION

In sum, the Court orders as follows:

1.  Buster's request that Interrogatory No. 18 be answered because it does not exceed the permitted number of interrogatories under Rule 33 is **GRANTED**. Buster's interrogatory subparts do not count as separately enumerated interrogatories. Defendants must answer Interrogatory No. 18 and future interrogatories in compliance with Rule 33 **within thirty (30) days of entry of this Order.**

2.   Buster's request that Interrogatory No. 18 concerning the compliance with the Residential Housing Act be answered is **DENIED** as it relates to provisions of the law not in effect at the time of the incident.  To the extent Defendants have not, Defendants must respond addressing provisions in effect at the time of the incident **within thirty (30) days of entry of this Order.**

**3.**   Buster's request that Requests for Production No. 6 and 10 concerning jail audits and reports be answered is **GRANTED**. Defendants must produce the requested documents or explain why they cannot produce same **within thirty (30) days of entry of this Order.**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Buster's Motion to Compel [Doc. 69] is hereby **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE