# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CRYSTAL BUSTER,

    Plaintiff,

v.                                                          Case No. 2:21-cv-01208-MLG-JHR

BOARD OF COUNTY COMMISSIONERS FOR
LINCOLN COUNTY, CORRECTIONAL
SOLUTIONS GROUP, LLC, CARLOS MORALES,
Individually and in his official capacity, CARLY
REYNOLDS, individually, ANITA HITTLE,
individually, and STEVE CHAVEZ, individually,

    Defendants.

**RESPONSE BY DEFENDANT MORALES IN HIS OFFICIAL CAPACITY TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MORALES IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES ON COUNTS I, II, AND IV (DOCUMENT 162)**

COMES NOW Defendant Carlos Morales, in his official capacity, by and through undersigned counsel Lorber Greenfield & Polito, LLP (Louis Horowitz and Dominique Oliver), and hereby submits his Response to Plaintiff's Motion for Partial Summary Judgment against him in his individual and official capacities on Counts I, II, and IV (Document 162). The Motion should be denied as the evidence fails to set forth a basis for which Judgment can be entered against him as a matter of law and uncontested fact, as set forth in the following Memorandum of Points and Authorities, incorporated herein by reference. As argued in Defendants' own pending motion practice, also incorporated herein, the evidence cannot establish an actionable violation of Plaintiff's rights.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Crystal Buster was a detainee at the Lincoln County Detention Center from December 25, 2019 through February 24, 2020. She entered the facility with a displaced fracture to her knee which prevented her from bearing weight on her leg for the majority of her detention. She required a wheelchair for ambulation. She was kept in medical segregation in a cell in the holding area used as a medical observation cell. The medical observation cell was in the booking area close to the on-duty shift supervisor, where officers were present and able to observe and provide assistance when needed. Plaintiff has acknowledged that she was not physically fit to be placed in the general population when she entered the LCDC.

Warden Morales has explained that persons in medical segregation would not be refused recreation or showers. Although Plaintiff's segregation records are incomplete, the records do show that she was offered showers and recreation on multiple occasions and refused. Her own testimony and allegations are inconsistent as to how often she did shower but the segregation logs show at least six occasions where Plaintiff was given showers.

Plaintiff's claims regarding toilets backing up and "sewage problems" are contradicted by the evidence. Plaintiff testified herself that there was one toilet overflow early in her detention which was promptly repaired, and no other failures. Plaintiff testified that water to her toilet was turned off after cellmate Presli Stevenson was caught flushing papers, and could only be flushed from outside the cell at that time. Claims regarding inoperable plumbing are questionable and contested by the evidence.

Plaintiff testified that she was able to reach the toilet by herself, which contradicts claims that she was unable to do so.

Plaintiff was housed with cellmates at various times during her detention.

Plaintiff was visited regularly by Warden Carlos Morales, who observed and noted her condition. He testified that she was clean when he visited her and did not have complaints about the conditions.

The evidence does not support findings that the conditions of Plaintiff's medical segregation at the Lincoln County Detention Center violated her rights, and does not support findings that Warden Morales acted with deliberate indifference.

## II. RESPONSE TO PLAINTIFF'S STATEMENT OF "UNDISPUTED MATERIAL FACTS"

1. Not disputed.

2. Not disputed.

3. Not disputed.

4. Not disputed.

5. Plaintiff's statement in Paragraph 5 is disputed as it provides an incomplete and inaccurate description of the document submitted as Plaintiff's Exhibit 6. The document indicates multiple days where Plaintiff refused showers, recreation, and/or hygiene. Plaintiff's Exhibit 6, Page 1/C.Buster 0051 includes the notation "ref" for shower, recreation, and hygiene on Thursday 12/26/19. Page 3/C. Buster 053 indicates "Refused" for shower and for all fields underneath including recreation and hygiene for Tuesday 12/31/19. Page 7/C. Buster 0054 includes notations regarding showers and times on Wednesday 01/22/20 and Friday 01/24, and three days, 01/23, 01/25, and 01/26/20 with notations "refused." Page 9 of the Exhibit/C. Buster 0058 includes

another 4 notations with times Plaintiff showered, 01/27, 01/29, 01/31, and 02/02/20, and two notations for "refused," 01/28 and 02/01/20. There are multiple items which indicate "none" or where the fields are incomplete. Note that Plaintiff alleged in her Complaint that she was allowed to have 10 showers during the time she was in solitary confinement (First Amended Complaint, Document 16, Paragraph 156.) Also note that Plaintiff testified alternately that she had two showers or three showers during the time she was in medical segregation. (Exhibit M to Defendants Board of County Commissioners for Lincoln County, Correctional Solutions Group, LLC, Carlos Morales In His Official Capacity, and Steve Chavez's Motion for Summary Judgment Regarding Counts I, II, and IV of Plaintiff's First Amended Complaint, Document 167, herein "Defendants' MSJ," at pp. 131:1-7 and 141:13-22.) She also acknowledged refusing showers on at least one occasion. (*Id.*, pp. 141:23-142:21.) Officer Steve Chavez testified confirming that the notations in the log indicate that Plaintiff refused a shower and recreation. **(Exhibit A hereto**, Deposition of S. Chavez, p. 130:15-21.)

6. Not disputed.

7. Not generally disputed that there is no record on the logs of Plaintiff receiving recreation. Logs do indicate occasions where recreation was refused. Segregation logs indicate that Plaintiff refused recreation on Thursday 11/26/19 and Tuesday 12/31/19. (Plaintiff's Exhibit 6, p. 1/C. Buster0051, and p. 3/C. Buster0053. Also see Paragraph 5 above, and Exhibit D to Defendants' MSJ, Document 167, Deposition of C. Morales, pp. 72:19-76:22.)

8. Not disputed.

9. Disputed in part. Plaintiff's statement in Paragraph 9 suggests that Warden Morales agreed there was no evidence regarding recreation. Warden Morales testified that the log records

4

shown to him did not include a notation regarding recreation in the particular logs he was presented. He did not agree that the lack of notation regarding showering or recreation meant those did not happen, because he did not know whether the officer made a mistake. (**Exhibit B hereto**, Deposition of C. Morales, Vol. II, p. 84:14-23.)

10. Not disputed as to Ms. Parraz's testimony.

11. Not disputed.

12. Not disputed.

13. Not disputed.

14. Not disputed.

15. Not disputed that the segregation logs which were located and produced include only six entries which identify showers by date and time. See Response to Paragraph 5 above.

16. Not disputed.

17. Not disputed.

18. Disputed. The cited testimony from officer Keesha Chavez indicates that Plaintiff was unable to stand at the time of her booking, and required a wheelchair. Cited testimony from Ms. Parraz indicates that she did help Plaintiff reach the toilet and did not know how Plaintiff got to the toilet when she was not there. Plaintiff testified that one time she fell and hurt herself trying to get to the toilet but only on that one occasion, and was otherwise able to get to the toilet. (**Exhibit C hereto**, Deposition of C. Buster, Vol. II, pp. 231:23-232:1; 232:25-233:13.)

19. Not disputed.

20. Not disputed.

21. Disputed. Plaintiff misstates the testimony. The report refers to the "equivalent" of

"ICU phychosis," not "psychosis." Dr. Herrington discussed this testimony. **(Exhibit D hereto**, Deposition of R. Herrington, M.D., pp. 153:20-155:4.)

22. Disputed. Plaintiff testified the toilet backed up one time when she first arrived at LCDC and was repaired quickly, and testified that later the toilet was turned off and flushed from outside the cell after her cellmate Presli Stevenson attempted to flush papers. (See testimony from Plaintiff cited in Defendants' MSJ, Document 167, at ¶¶ 20 and 21 of Statement of Facts, Exhibit M, Deposition of C. Buster, pp. 167:7-23 and 167:24-168:13. Also see **Exhibit E hereto**, Deposition of K. Chavez, p. 59:8-16.)

23. Not disputed that the toilet was turned off and flushed from outside.

24. Not disputed.

25. Not disputed.

26. Disputed. Plaintiff testified that she was provided with hygiene products. (See Exhibit M to Defendants' MSJ, Document 167, Deposition of C. Buster, p. 142:22-23.)

27. Not disputed.

28. Not disputed.

29. Not disputed.

30. Not disputed that Plaintiff would have some pain from her injury, but the statement is incomplete or at least misleading. Plaintiff was receiving pain medication for her injury. Plaintiff specifically testified that she only missed her pain medication once, on the day that the cameras were installed in her cell. (See Exhibit M to Defendants' MSJ, Document 167, Deposition of C. Buster, pp. 179:14-180:8.)

31. Not disputed that Ms. Chavez testified as stated.

32. Not disputed.

33. Not disputed.

34. Not disputed

35. Disputed. The testimony is not accurately cited. Warden Morales testified that it would not be typical to be denied recreation, showers, cleaning supplies, access to telephone, laundry access, hygiene, mail, commissary, and law library. He did not agree with counsel's assertion they were not provided. (See, for example, Plaintiff's' Exhibit 5, Deposition of C. Morales, p. 127:1-10.)

36. Disputed. The testimony is not accurately described. Ms. Stevenson testified in the cited testimony that she was placed in segregation for punishment, was placed "wherever they could fit her," and that she had been placed "in the front a few times." In other words she had been placed in the same holding area previously for punishment. Ms. Stevenson would not have any foundation to testify that she was placed with Plaintiff as a form of punishment. When asked if she was "placed in the cell with Crystal for punishment purposes" She testified "I think so. I think they placed me in there with her for whatever reason. I'm not sure but," and then was interrupted by counsel. (Plaintiff's Exhibit 9, p. 9:3-8.) She neither completely agreed nor did she indicate she had a basis to know.

37. Not disputed.

### III. ADDITIONAL STATEMENT OF FACTS

1. Warden Morales testified that he would not stop detainees in segregation from having recreation or showers, and did not believe they were restricted from doing so. (**Exhibit B**, Deposition of C. Morales, Vol. II, pp. 75:19-76:22.)

2. Officer Steve Chavez testified that sometimes entries for showers would not be filled out because he forgot. (**Exhibit A**, Deposition of S. Chavez, p. 149:6-12.)

3. Officer Steve Chavez testified that he had a specific recollection of asking others to persuade Plaintiff to shower on occasions when she refused. He recalls Plaintiff taking showers with the assistance of a Ms. McAllister and other persons. He testified those were not noted on the segregation log. (**Exhibit A**, Deposition of S. Chavez, pp. 154:6-155:10.)

4. Officer Steve Chavez testified that he recalled the warden instructing other officers to provide Plaintiff with recreation when Chavez was not able to offer it. He recalled that Ms. McAllister and officer Keesha Chavez would try to get Plaintiff out for recreation, showers, and the library. (**Exhibit A**, Deposition of S. Chavez, pp. 174:9-176:1.)

5. Plaintiff's toilet and sink were working but required to be unclogged multiple times due to papers, excessive toilet paper, and food stuffed in the toilet. (**Exhibit F hereto**, Deposition of C. Estrada, p. 125:5-12, and **Exhibit A**, Deposition of S. Chavez, pp. 176:18-177:12, 178:19-22.)

IV. ARGUMENT

A. **Recreation and Exercis**e

Warden Morales testified that the policy to be followed at the jail under him was for detainees in segregation to be permitted one hour of recreation. It is uncontested that the policy of the jail under Warden Morales was to permit detainees in medical segregation and even in disciplinary segregation to have an hour of recreation time per day.

Segregation logs for Plaintiff are admittedly incomplete and were not consistently filled out. However, the logs indicate that Plaintiff was offered and refused recreation on at least two

occasions. Officer Steve Chavez testified that he would offer recreation to Plaintiff and on days he was unable to do so, other officers would try to get Plaintiff to leave her cell for recreation. He testified that the segregation logs were not always filled out.

**B.     Conditions Inside the Cell Were Not Inhumane**

Defendants incorporate the discussion in Defendants' Motion for Summary Judgment regarding Counts I, II, and IV. (Defendants' MSJ, Document 167, pp. 14-17.)

Claims regarding the alleged "substandard plumbing" were specifically addressed in Defendants' MSJ. (MSJ, Document 167, including at ¶¶ 20-21.) These assertions were also addressed in Defendants Board of County Commissioners for Lincoln County and Correctional Solutions Group, LLC's Response to Plaintiff's Motion for Sanctions #1 (Document 169, pp. 3-5), also incorporated by reference.

Plaintiff testified that she had not had issues with the toilet prior to that incident except for one time that the toilet overflowed, and "was fixed right away." (Exhibit A to Document 169, Deposition of C. Buster, Vol. I, pp. 167:7-168:13.) Plaintiff's toilet and sink were in working order but had to be unclogged multiple times. (Defendants' Additional Statement of Facts, ¶ 5.)

The conditions of Plaintiff's confinement when she was in medical segregation were not comparable to the conditions in *Littleton v. Deland,* 641 F.2d 729, 731 (10th Cir 1981). The "strip cells" in that matter had no light, bed, or clothes:

> "No windows, no interior lights, no bunk, no floor covering, and no toilet except for a hole in the concrete floor which was flushed irregularly from outside the cell. During most of his fifty-six days of confinement, plaintiff was deprived of all his clothes and was given no bedding whatsoever. He slept naked on the concrete floor. Moreover, he was given no opportunity to engage in any recreation outside his cell during this long period and was not permitted to have any reading or writing materials. Thus, to amuse himself this mentally ill prisoner was relegated to banter with inmates in nearby cells. Some of these exchanges escalated into the throwing

back and forth of urine and feces. Because plaintiff was denied articles of personal hygiene, he had no means of washing his hands after these unsanitary exchanges, and yet was required to eat most of his food with his fingers. Plaintiff's cell frequently stank of feces and urine." *Littlefield v. Deland*, 641 F.2d 729, 730 (10th Cir. 1981).

The conditions that Plaintiff claims in her motion to exist are not comparable and the facts regarding the conditions she raises in her motion are contested.

### C. Deliberate Indifference Did Not Occur

Defendants incorporate by reference their Motion for Summary Judgment including their discussion of deliberate indifference. (Defendants' MSJ, Document 167, pp. 14-17 and 18-19.)

Plaintiff argues that Warden Morales "knowingly allowed Plaintiff to endure inhumane conditions." The claim is disputed based on evidence that Warden Morales did visit Plaintiff, observed her to be clean when she visited, and noted that she did not have complaints. (See Defendants' MSJ, Document 167, Statement of Facts ¶¶ 17, 18 and Exhibit D, thereto, Deposition of C. Morales, pp. 87:1-89:7, and 138:18-139:3.)

### D. Governmental Liability Cannot be Shown on this Record

For the reasons noted above, the record cannot show that the policy maker was involved in violations of Plaintiff's rights, nor that Lincoln County could be said to have violated her rights through "official policy."

Plaintiff insists that Warden Morales "violated his own policies" on recreation but the evidence shows that recreation was offered and encouraged. There is no evidence that recreation was refused or that Warden Morales had knowledge that policies on recreation were violated.

There is no evidence that can establish that the decision maker has intentionally deprived this Plaintiff of a federally protected right. The standard of *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2007) cannot be met on this record.

V.  **CONCLUSION**

The conditions as claimed by Plaintiff do not constitute inhumane conditions. The evidence at least raises a question of material fact as to the conditions Plaintiff contends existed. The evidence is also disputed and raises questions about her claims that showers and recreation were denied. As an official policy, she was permitted showers and recreation.

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully submitted this 26th day of March, 2024.

LORBER, GREENFIELD & POLITO, LLP

By: */s/Louis W. Horowitz*
Louis W. Horowitz, F.B.N. 14-7
Dominique Oliver, F.B.N. 19-267
100 Sun Ave. NE, Suite 650
Albuquerque, NM  87109
Telephone: (800) 291-3062
lhorowitz@lorberlaw.com
doliver@lorberlaw.com
*Counsel for Defendants Board of County Commissioners for Lincoln County, Correctional Solutions Group, LLC, Carlos Morales, in his official capacity, and Steve Chavez*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2024, I filed the foregoing using CM/ECF which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew E. Coyte
COYTE LAW P.C.
3800 Osuna Road NE, Suite 2
Albuquerque, NM 87109
mcoyte@me.com
*Counsel for Plaintiff*

Lisa Y. Schatz-Vance
Matthew Vance
LAW OFFICE OF MATTHEW VANCE, P.C.
3800 Osuna Road NE, Suite 2
Albuquerque, NM 87109
lisa@mattvancelaw.com
mattvance@mattvancelaw.com
*Counsel for Plaintiff*

Spring V. Schofield
Mark A. Metzgar
DIXON SCHOLL CARRILLO P.A.
P.O. Box 94147
Albuquerque, NM 87199-4147
SSchofield@dsc-law.com
mmetzgar@dsc-law.com
*Counsel for Defendant Anita Hittle*
*and Carly Reynolds*

Steven L. Gonzales
HALL & EVANS, LLC
125 Lincoln Avenue, Suite 225
Santa Fe, NM 87501
gonzaless@hallevans.com
*Counsel for Defendant Carlos Morales*
*in his Individual Capacity*

                                                   /s/Louis W. Horowitz
                                                   Louis W. Horowitz